**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Anne Blackwood, | : |
| | : Civil Action No.:  3:12-cv-30165 |
| Plaintiff, | : |
| v. | : |
| | : |
| Commercial Recovery Systems, Inc.; | : **COMPLAINT** |
| and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Anne Blackwood, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Anne Blackwood ("Plaintiff"), is an adult individual residing in South Hadley, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Commercial Recovery Systems, Inc. ("CRS"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by CRS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      CRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Triad Financial (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to CRS for collection, or CRS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  CRS Engages in Harassment and Abusive Tactics

12.      On or around August 31, 2012, Plaintiff received a voice message from a "Mr. Wallace", CRS' collector, who falsely stated that he was a "lead investigator" calling "for restitution."

2

13.     Mr. Wallace threatened to garnish Plaintiff's income and to consider that Plaintiff "waived all [Plaintiff's] rights" if she failed to return his call by 4:00 p.m.

14.     Mr. Wallace failed to inform Plaintiff that he was calling from CRS and that the call was an attempt to collect the Debt.

15.     Plaintiff returned Mr. Wallace's call and left a voice message on his answering machine stating she had no knowledge of who Mr. Wallace was and where he was calling from. Plaintiff instructed Mr. Wallace to send her a letter with such information and not to call her again. Plaintiff provided Mr. Wallace with her mailing address.

16.     Despite the foregoing, several days later, Plaintiff received another voice message from CRS, this time from a "Ms. West," threatening Plaintiff with garnishment and instructing Plaintiff to contact CRS.

17.     Plaintiff returned Ms. West's call and left yet another voice message repeating her request that CRS send her a letter and cease calls. Plaintiff added that she was unemployed and disabled and could not pay the Debt.

18.     On September 21, 2012, Plaintiff answered a telephone call that came from xxx-xxx-7884. However, there was no one on the other end of the line and all Plaintiff heard was silence.

19.     Plaintiff called the number back and was connected to a "Mr. Green," who identified himself as a "lead investigator" and asked Plaintiff if she was calling CRS in response to CRs' call to Plaintiff.

20.     Plaintiff confirmed and added that she had repeatedly asked CRS to stop placing calls to her and send her a letter instead.

21.     Thereafter, Mr. Green stated that a constable would come to Plaintiff's house to serve her with court papers. Mr. Green transferred Plaintiff to a "Mr. Jacob" for further details.

22.     Mr. Jacob repeated threatening statements of the previous collector and added that CRS would take a legal action against plaintiff is she failed to pay the Debt.

23.     Moreover, Mr. Jacob threatened Plaintiff with "federal" garnishment and seizure of Plaintiff's bank account and any assets she may own.

24.     When Plaintiff told Mr. Jacob that she was disabled and unemployed and that her only income was Social Security Disability, Mr. Jacob accused Plaintiff of using her disability to get out of paying the Debt.

25.     Furthermore, Mr. Jacob also threatened to garnish Plaintiff's future earnings for up to ten years.

26.     At this time, Plaintiff informed Mr. Jacob that her therapist had come to her house and she needed to end the conversation.

27.     However, Mr. Jacob continued to harass Plaintiff with threat of a lawsuit stating that a constable would come to Plaintiff's house "by end the week" because the court date "is on Monday." This statement is false and deceptive since CRS has not initiated an action against Plaintiff and, therefore, there is no scheduled court date.

28.     Plaintiff, who is suffering from high blood pressure and anxiety, did not wish to continue being harassed and discontinued the call.

29.     CRS called Plaintiff back 7 times back-to-back beginning at 11:55 a.m. until 12:09 p.m. Plaintiff answered one of the calls and informed CRS that she had retained an attorney and once again demanded that CRS quit calling.

30.     Despite the foregoing, CRS placed two more calls to Plaintiff at her cellular telephone line.

31.     When Plaintiff asked how CRS had obtained her cellular telephone number, Mr. Jacob said that it was through the court system.

32.     Additionally, Mr. Jacob stated that CRS could call as many time as it wished and that it would "do everything we can to recoup the money."

33.     CRS failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

**C.  Plaintiff Suffered Actual Damages**

34.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

35.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

36.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

39.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

40.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

41.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

42.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

43.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

44.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

45.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of her property if the Debt was not paid.

46.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

47.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

48.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

49.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

50.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

51.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

52.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

56.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

57.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

58.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

60.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: October 1, 2012

                                          Respectfully submitted,

                                          By  */s/ Sergei Lemberg*_____

                                          Sergei Lemberg (BBO# 650671)
                                          LEMBERG & ASSOCIATES L.L.C.
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          Attorneys for Plaintiff